IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Baltimore Field Office 10 S. Howard Street, 3rd Floor Baltimore, Maryland  21201 | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. |
| KYKLOS BEARING INTERNATIONAL, LLC C/O CT Corporation System 1300 East 9th Street Cleveland, Ohio 44114 | ) ) ) ) ) ) ) | C O M P L A I N T  JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act as amended ("The ADA") of 2008 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Donique Price, a cancer survivor, who was adversely affected by such practices. The United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Kyklos Bearing International (KBI) unlawfully discriminated against Price by terminating her because of her disability, and by requiring applicants for employment to submit to medical examinations.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

ADA, 42 U.S.C. Section 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Western Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, KBI, has continuously been doing business in the State of Ohio, Sandusky (Erie County), and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Donique Price, a qualified individual with a disability, filed a charge with the Commission alleging violations of

Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Beginning on approximately March 12, 2012 and continuing until the present, Defendant has engaged in unlawful employment practices at its facility in Sandusky, Ohio in violation of Sections 102(a), (d) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (d) as follows:

   a. Defendant hired Donique Price as a forklift operator/tugger in 2006. Price performed all essential functions of the position;

   b. In August of 2007 Price was diagnosed with cancer and underwent surgery. She returned to work in October of 2007 and performed all essential functions of her position without an accommodation;

   c. In January of 2009 Defendant laid-off a significant number of employees including Price;

   d. Price found work with another employer. The physical demands of her new employment were essentially the same as those of her employment with Defendant. Price performed all essential functions without an accommodation;

   e. In March of 2012 Defendant called Price back to work;

   f. On or about April 23, 2012 Price asked for assistance to move an unusually heavy object. The weight of the object exceeded the lifting requirements set out in her job description. Price did not assert that her inability to move the object was due to a medical condition. Nevertheless, Defendant ordered her to report for a medical exam;

   g. Having previously been diagnosed with cancer, Price is disabled as defined in 42 U.S.C. §12102 and in addition, was regarded as disabled by Defendant;

   h. Following Price's meetings with Defendant's medical personnel, Defendant concluded that Price should not lift weight in excess of seven pounds and as a result placed her on leave;

   i. On or about May 14, 2012 Defendant terminated Price from employment, based on her disability in violation of 42 U.S.C. § 12112(a).

  9. Defendant conducts pre-employment medical examinations of job applicants in violation of 42 U.S.C. §12112(d).

  10. The effect of the practices complained of above has been to deprive Donique Price, a qualified individual, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

  11. The unlawful employment practices complained of above were intentional.

  12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Donique Price.

## PRAYER FOR RELIEF

  Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of a disability;

  B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from requiring employees to submit to any medical examination not specifically authorized by 42 U.S.C. 12112(d).

  C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, prevent retaliation against persons who have participated in statutorily protected activities, and eradicate the effects of its past and present unlawful employment practices;

  D. Order Defendant to make whole Donique Price by providing compensation for non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

  E. Order Defendant to implement non-discriminatory, objective, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA, and that it will not take any action against employees because they have exercised their rights under that statute;

  F. Order Defendant to provide training on the ADA to all employees;

  G. Order Defendant to pay Donique Price punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability in the workplace;

  H. Grant such further relief as the Court deems necessary and proper; and

  I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

  The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,


P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

    /S
_____
DEBRA M. LAWRENCE
Regional Attorney

    /S
_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

    /S
_____
ERIC S. THOMPSON
Trial Attorney
Ohio Bar No. 0071956


UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland  21201
Phone:  (410) 209-2232
Fax: (410) 962-4270